3 NY3d 88 [2004]). Furthermore, "[w]here the defense itself has provided specific notice of its interest in particular material, heightened, rather than lessened prosecutorial care is appropriate" (*People v Vilardi*, 76 NY2d 67, 77 [1990]). Thus, where a specific discovery request has been made for evidence, putting the People in notice that the defense considered the material important, the standard is whether there is "a 'reasonable possibility' that the failure to disclose the exculpatory report contributed to the verdict" (*People v Vilardi*, 76 NY2d 67, 77 [1990]).

We note that the defense specifically requested to be provided with material in the People's possession with "any description of the robber at either place as given by any witness or victim, if those descriptions are not consonant with the appearance of" the defendant. The statement of Terry Rogers is *Brady* material, and the People improperly failed to turn it over to the defendant.

Based on the foregoing, the defendant is entitled to a new trial on counts one through six and count eight of the indictment, all of which related to the robbery of the OTB. We reject the defendant's argument that there was a prejudicial "spillover effect" which warrants reversal of the convictions stemming from the Mobil gas station robbery. The undisclosed material pertained solely to the OTB robbery and the incidents were not factually related (*see People v Baghai-Kermani*, 84 NY2d 525 [1994]; *People v Clarke*, 7 AD3d 537 [2004]). Lifson, J.P., Santucci, Balkin and Belen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUEIBI FRANCO, Appellant. [869 NYS2d 847]

Ordered that the sentence is affirmed. No opinion. Fisher, J.P., Santucci, Carni and Eng, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT FRANZONE, Appellant. [869 NYS2d 349]

Inasmuch as "the evidence, the law, and the circumstances of [the] case, viewed in totality and as of the time of the representation, reveal that [his] attorney provided meaningful represen-